UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00097-DOC                                    Date: January 31, 2023

Title: ASHURIENA GOZAL EDWARD ABRAHAM V. AT&T MOBILITY SERVICES LLC ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court REMANDS this case to the Superior Court of California, County of Orange.

**I.   Background**

This action arises from the alleged harassment, discrimination, and retaliation Plaintiff Ashuriena Gozal Edward Abraham's ("Plaintiff") faced while employed by Defendant. See Complaint ("Compl.") (Dkt. 1-2). Plaintiff was hired by Defendant on or about November 30, 2018 as a retail sales consultant and earned an hourly wage of $20.00. *See* Compl. ¶ 1. According to Defendant's employment records, Plaintiff's employment ended on August 5, 2021. *See* Notice of Removal (Dkt. 1), 5.

On September 21, 2022, Plaintiff filed this action in California Superior Court for the County of Orange ("Complaint" or "Compl.") (Dkt. 1-2). On December 15, 2022, Defendant was personally served with the Complaint. Notice of Removal at 3. On January 12, 2023, Defendant removed the action to the United States District Court for the Central District of California based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a). *See generally* Notice of Removal.

Case 8:23-cv-00097-DOC-JDE   Document 16   Filed 01/31/23   Page 2 of 5   Page ID #:152

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00097-DOC                                                           Date: January 31, 2023
                                                                                                    Page 2

Plaintiff's Complaint alleges causes of action for: (1) discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate in violation of FEHA; (3) failure to engage in interactive process in violation of FEHA; (4) race/national origin discrimination in violation of FEHA; (5) gender discrimination in violation of FEHA; (6) sexual harassment; (7) failure to prevent discrimination in violation of FEHA; (8) retaliation in violation of FEHA; (9) wrongful termination; (10) meal and rest break violations of Labor Code § 226.7; (11) failure to pay overtime and wages; (12) failure to pay all compensation at termination, including waiting time penalties; (13) failure toprovide employment records in violation of Cal. Labor Code § 1198.5 et seq.; and (14) violation of Business & Professions Code §17200 *et seq*. Compl. ¶¶ 21-176.

Plaintiff seeks an award of, among other things, "actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits," "restitution," "punitive and exemplary damages," "attorneys' fees" and "costs of suit." Compl. at 30. Plaintiff seeks "no less than three hundred thousand dollars ($300,000)." Compl. ¶ 43.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the

Case 8:23-cv-00097-DOC-JDE   Document 16   Filed 01/31/23   Page 3 of 5   Page ID #:153

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00097-DOC                                              Date: January 31, 2023
                                                                              Page 3

federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

The defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphasis added). Accordingly, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00097-DOC  Date: January 31, 2023
Page 4

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III. Discussion

Defendant argues that this Court has diversity jurisdiction in this action because Plaintiff is a citizen of California, and Defendant is citizen of the states of Delaware and Georgia. Notice of Removal at 3 – 4. Defendant also asserts that the amount of controversy is met based on lost wages, both in the past and in the future. According to Defendant, at the time that Plaintiff's employment with AT&T Mobility ended on August 5, 2021, she earned $20.31 per hour. Defendant merely *assumes* that, had Plaintiff remained employed, she would have worked 40 hours per week for four weeks each month and would have earned $3,249.60 per month. *See id.* at 4. But the Court is not required to assume as much, particularly when Defendant—who is in possession Plaintiff's employment records—can conclusively establish the average number of hours Plaintiff worked every week. Nonetheless, Defendant's estimate of lost wages between the time of Plaintiff's termination on August 5, 2021 to the date of removal amounts to approximately $55,243.20 (i.e., 17 months multiplied by $3,249.60 per month).

The Court does not include speculative damages or attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). Similarly, the Court considers lost wages in the period from termination until removal to federal court—not the time of a speculative trial date. Cf. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) (noting that "the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court *may* grant on that complaint *if the plaintiff is victorious*") (emphasis added). Because Plaintiff's lost wages do not exceed $75,000, the Court finds that it lacks diversity jurisdiction over this matter.

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d

1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).

Here, the Court concludes that it was not so inconceivable as to meet the "objectively unreasonable" standard. As a result, the Court declines to award Plaintiff attorneys' fees.

## IV. Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County, California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11										Initials of Deputy Clerk: kdu

CIVIL-GEN